Our third case for today is Peggy Jo Smith v. Professional Transportation, and we will begin with Mr. Smith. Good morning, Your Honors. Terry Smith here for the appellant. Ms. Peggy Smith, no relation, and may it please the Court. Section 216B of the FLSA allows a plaintiff to bring a lawsuit in a dual capacity, both as an individual and as a class representative. To proceed as an individual, once the case is decertified, the plaintiff must show that they provided the defendant, in this case Professional Transportation, with adequate notice that they were proceeding in a dual capacity, both as an individual and as a class representative. So can I just ask you, Mr. Smith, are you drawing any distinction between a Rule 23 true class action for this purpose and an FLSA collective action? Or are the principles you're arguing, as far as you're concerned, equally applicable? That's a hard question because courts use interchangeably the standard to certify a Rule 23 and a Rule 216B collective action. However, under 216B, a plaintiff or a person that wishes to join the collective action must affirmatively opt in, whereas under a Rule 23, everyone is automatically, once the class is certified, everyone is included. But let me just say, where I think we are in this case, anyway, is analogous to where we might be in a regular Rule 23 case if a person proposes a class action and the district court decides to deny class certification. At which point, the law is pretty clear, you just go back to the individual plaintiff's case. Now, sometimes those are economical to pursue, sometimes they aren't. But there is an individual plaintiff case. So I understood your argument to be, you know, here, this case begins with the language individually and on behalf of the group. But Ms. Smith fails to file her own intent to sue. So the collective action is dead because of this procedural problem. But you're arguing, as I understand it, that her individual claim against this company is still alive. Is that correct? That is correct, Your Honor. Like in a Rule 23, once the class is decertified, it reverts to an individual action on behalf of the named plaintiff or plaintiffs. However, the district court ruled that under 256 of the Portal to Portal Act, since Ms. Smith did not file an affirmative consent to join the action, that she is barred from pursuing her individual action. Right, see, but that may confuse the prerequisites for an individual action and the prerequisites for a collective action. She certainly failed to be part of the collective action, but I understand you to be arguing that doesn't mean that the individual part of her case was gone. That is correct, Your Honor. As this court has found in Alvarez v. City of Chicago, once a collective action is decertified, it reverts to an individual action. 256 only applies to a collective action. And therefore, we believe that Ms. Smith, having put the defendants on adequate notice, should have been able to proceed as an individual without the requirements of filing a consent under 256. Mr. Smith, is there anything else in the record? I know you say in your complaint and the initial allegations are individually and collectively, but other than the complaint, is there anything else before August of 2016 that would reflect her desire to proceed individually here? Other than what was in the complaint, no, Your Honor, but her capacity as an individual was recognized by defendants prior counsel during her deposition where she was asked if she understood that she was suing in an individual capacity and also as the class representative. Well, that's when she herself said, yes, I understand that I'm suing individually. That is correct, Your Honor, but it also recognizes that the defendants were on proper notice that she was proceeding as an individual and as a class representative. Mr. Smith, it strikes me that this is a little bit of a heads-you-win, tails-they-lose argument because if the case law provides that for this consent mechanism, or the statute does, and she does not consent, and then the operative complaint itself is termed a collective action and the headings, presumably drafted by your firm or someone at your firm, include collective action allegations as a heading as well as national collective action pursuant to the FLSA, is it just the case that however the complaint is drafted, the individual can go forward, or is your argument the use of that phrase individually and on behalf of is enough? Because there's got to be some distinctions that the law is going to draw between an individual being able to pursue it individually and then being a vehicle for a collective action. The courts are unsettled, as Judge Mays in the Western District of Tennessee said, had Mr. Frye captioned the case as individually and on behalf of others, that he probably would have found that he could proceed as an individual. In our case, as far as the collective action heading goes in the caption, that was required by local rule in the Southern District of Indiana as far as collective and class actions. It does not mention collective actions specifically, but it does mention class actions should be included in the caption somewhere. What if this were Mr. Smith, what if there had been more than one named plaintiff here? Would it matter? In our opinion, no, Your Honor. Courts have found that, I believe even Alvarez stated, there were several named plaintiffs in Alvarez. And when the court decertified it, I know other district courts have said, where there have been multiple, multiple plaintiffs, that each plaintiff must file his own action and pay his own fee. But hadn't those other individuals actually filed consents? I'm not saying that they can't proceed individually at that point, but hadn't they already filed consents there so the statute of limitations wouldn't have run? As far as the named plaintiffs, I cannot say, Your Honor, of that case that I was talking about. Because part of the concern with the consent or the reasoning behind the consent is they want to make sure that lawyers aren't just coming in on behalf of a bunch of people without the individuals actually agreeing to proceed. And is there some difference here because this isn't just an individual plaintiff who's represented by one lawyer that you could implicitly say has agreed to the lawyer representing her both in an individual and a collective capacity? Yes. Whereas if you had multiple plaintiffs, it might be different? That was part of Judge Posner's opinion in Harkins where he took the plaintiff's lawyer to task for not having produced the consents that he purported to have. That's one of the distinguishing features. Is there any, I'm sorry, go ahead, finish. No, go ahead, ma'am. Answer the question. Go ahead, Your Honor. Is there anything in the record here that could be construed as a consent on behalf of your client? The case law says consents don't have to follow any particular form, that there have been a wide range of documents that have been accepted as consents. Is there anything in the record that we could construe as a consent that was filed before August 2016? As a signed consent from Ms. Smith, no. We're relying on the fact that the complaint is replete with a lot of individual. We talked about Ms. Smith as an individual, her job duties, and also just a few mentions to the class as a whole. All right, you might want to stop and save a little bit for rebuttal. Okay. Okay, Mr. Burbank. Good afternoon, Your Honors. May it please the Court, Brian Burbank for the defendants. We believe this case is simple, Your Honors. Section 256 of the FLSA requires filing of written consent to participate in a collective action, as this Court has previously— But what if it's not a collective action, Mr. Burbank? I totally agree with you that, you know, if there's no written consent, there's no collective action. But it was a purported collective action, which made me wonder whether the rule of American pipe applies here, and the statute of limitations is told until the collective action is rejected. So that was one thing I wondered about. And another thing I wondered about is why you're reading out the fact that she says she's suing individually. She says so in the complaint. She says so at the deposition. Your clients appear to have thought that all along. Frankly, this case can't be worth all that much as an individual action, if it's just an overtime FLSA for one person who worked for two years. But be that as it may, I think that's plenty to show the individual action, and I don't see why you file a consent to file an individual action. Your Honor, I think the complaint here makes it clear that this is a national collective action. There is no— It doesn't, though. What I'm saying is if you look at the complaint, the first line you hit is individually and on behalf of. So we're just supposed to throw that away? Respectfully, Your Honor, the remainder of the complaint allegations discuss individual issues that relate to Ms. Smith, but then claim that those— I've had some length, actually. There's like page after page of what her tasks are. I mean, the usual rule for—the reason I ask the class action question is the usual rule for class actions, and indeed, as far as I know, the invariable rule for class actions, is that when a court chooses not to certify a class, then the individual plaintiff continues as an individual person. Or sometimes courts will look at the individual plaintiff's claim and dismiss it on 12B6 grounds without even reaching certification. So courts clearly see that that individual plaintiff, who has to have her own standing and her own interests to pursue the suit. You wouldn't be an adequate class representative otherwise. Is there both individually and on behalf of the class? Your Honor, respectfully, I think the distinction, and it might have been in the first question you asked Mr. Smith, is are you trying to make a distinction between Rule 23 classes versus FLSA collective actions? And I think we are here. As you will note, there's no move for certification under Rule 23, only a move for certification pursuant to 216 of the FLSA. Sure, I know. And 216B says this lawsuit is by any one or more employees for and on behalf of himself or themselves and other employees. So it can be by one employee on behalf of himself. That's the language of the statute. So I don't see anything in 216B that's inconsistent with saying that the individual action is there regardless of the fate of the collective action. Respectfully, Your Honor, I think 256 needs to be read here strictly as it was done in Harkins, where there is a separate and distinct claim that's brought forward. And I'll concede to you that there are a number of allegations in the complaint that relate to Ms. Smith and her individual claim. And there's the deposition exchange where you guys say, do you realize you're proceeding individually? And she says yes, and then they say, and do you realize you're also proceeding? It sounds like at least on these facts we have dual capacity shown. And respectfully, Your Honor, I think there's a difference between 216 and dual capacity and what is required under 256. Here, again, the factual allegations in the complaint are then characterized as those putative plaintiffs which are similarly situated. There's no set aside for a retaliation claim or an individual claim that applies solely to Ms. Smith. Isn't that a pleading matter for you later on? If the scope of the complaint that she's presented doesn't include certain things, then you will appropriately raise that just as you would in any case brought against a client by an individual. You'd say this goes beyond the scope. Maybe you'd fight a Rule 15 amendment. There are all kinds of things you can do. Yes, Your Honor, but I do think in this case, Rule 256 requires if someone comes forward as a plaintiff and alleges to be participating in a class action or collective action, as Ms. Smith has done here, the written consent requirement is required in getting to Judge St. Eve's questions. There is no written consent that has been filed in this case. There could have been one filed at the time the complaint was filed. There could have been one filed at any point after that. For example, between January and June of 2015, 116 or 115, excuse me, other putative plaintiffs filed a written consent. This is not an onerous requirement. And given the fact that the Harkins decision was out there since 2004, there's no reason for plaintiff in this case not to file a written consent that she was consenting to be a part of this collective action. Mr. Burbrick, I want to make sure I understand the scope of your argument. Are you saying that let's assume the complaint sufficiently alleged an individual action under 216B for overtime. Are you saying that it doesn't matter as long as you're pursuing something under 216B that you have to file a written consent? No, Your Honor. What I'm saying is to the extent you are alleging a collective action, and in this case, that's what Ms. Smith has done. She had a choice. What if it's dual? What if, and I understand you don't read the complaint that way, but what if it's dual? What if she had, or we read the complaint that she has sufficiently alleged both an individual and a FLSA class action or collective action? Would she have to file a joint consent then? With respect to any claim related to the collective action, which is the avenue she chose in her complaint, she would be required, as would any opt-in, would be required to file a written consent. I want to make sure I understand. Again, if we read the complaint that she has alleged both an individual and a dual capacity claim, so she's proceeding as a collective action and she's proceeding individually, is it your position that she would still have to have had to have filed a written consent in order to proceed on that individual action? Respectfully, Your Honor, I don't know that that's the issue before us, at least from our perspective, but no, I don't believe if she was filing individual claims. So, for example, if she had pled a retaliation claim on top of the collective action claim, she would not have had to file a written consent. But not a retaliation, an individual claim for overtime, which she can file an individual claim for overtime under 216B. So not separate claims. I'm trying to figure out if you're saying any time you file a complaint seeking an FLSA representative action claim, that you always have to file a written consent in order to be able to proceed individually. Is that what you're saying? Yes, Your Honor, especially to the extent that your claim is part and parcel of the collective. So in this case, if your minimum wage claims or your overtime claims are based on a common policy and you are pursuing your individual claims in like manner, based on that violation of a common policy, you're required to file a written consent in order to participate in that claim, which would be part of the collective action. But that's only if it's collective. It's certainly quite possible to pay somebody an individualized amount of money that they're due for failure to get overtime wages. And I might note, just for the record, that in these situations where there are many similarly situated people, the normal rules of issue preclusion don't usually apply because it would be inequitable either way. So the employer is not prejudiced by the fact that one person's claim has been resolved, even if the person prevails. Now, obviously, if the employer prevails, maybe the employer would like to block others, but you can't block people who weren't in court before. I just don't see where this extra procedural requirement for an individual claim comes from, granting you entirely that it exists for the collective action. Respectfully, Your Honor, I think, again, I would go back to Judge Posner's reasoning in the Harkins case where he quoted Section 256, that it was unambiguous that that is required. But he's not talking about individual claims, though. But in any event, it looks like your time has expired. Thank you, Your Honor. I think we have maybe a little less than a minute for Mr. Smith. Your Honors, the case turns on whether or not the employer was provided notice. 256 applies only to collective actions, not to individual actions. And as far as the Harkins decision, that decision, as Mr. Burbrink said, was decided in 2004, years before this was. Thank you, Your Honors. All right. Thank you very much. Thanks to both counsel. We will take the case under advisory.